## CASE *v.* MANNIS et al.

(*Supreme Court, General Term, Third Department.* September 25, 1890.)

1. JUDGMENT—CORRECTING IRREGULARITY—NOTICE AND AFFIDAVIT.
   On a motion to modify a judgment for irregularity, made on notice and affidavit, the requirement of Gen. Rule Prac. N. Y. 37, that "the notice or order shall specify the irregularity complained of, " is sufficiently complied with if the irregularity is shown by the affidavit.

2. MORTGAGES—FORECLOSURE—COSTS.
   The report of the referee on the trial of an action to foreclose a mortgage found "that plaintiff have his costs of this action. " *Held*, that this did not authorize a personal judgment for costs against any defendant.

3. SAME—SALE.
   On foreclosure of a mortgage of a tract of land, it appeared that defendant M. was entitled, subject to the mortgage, to a right of way over part of the land, a strip 10 feet wide; that the title to such strip, subject to the mortgage and to the right of way, was in defendant T., through a foreclosure of a junior mortgage; and that the title to the rest of the land, subject to the mortgage, was in defendant C., through foreclosure of a still later mortgage, which, when foreclosed, did not cover the strip. The conveyance to M. of the right of way was made by the owner of the land subsequently to all the mortgages. *Held*, on an offer by M. to bid enough to make the judgment and costs out of the land other than such strip, that such other part of the land should be ordered to be sold first; that the judgment might be modified so as to direct such order of sale, on motion by M.; and that notice of such motion to C., who had not appeared in the action, was not necessary.

Appeal from special term, Washington county.

Action by George H. Case for foreclosure of a mortgage of certain land, against Andrew Traver and wife, William T. Mannis and wife, John Case, and others. The defendants Traver and defendants Mannis appeared and answered separately. On trial before a referee, he found that plaintiff should have judgment of foreclosure and sale, and "that plaintiff have his costs of this action." Defendant William T. Mannis moved to modify the judgment entered on the referee's report, by striking out a part of it which made him liable personally for the costs of the action, and by inserting a provision that the property be sold in two parcels, and a strip of the land over which he had a right of way be sold second to the other part of the land. Only the plaintiff and the defendant Andrew Traver had notice of the motion. Plaintiff made a preliminary objection that the ground of irregularity complained of was not specified, as required by rule 37 of the General Rules of Practice, that, "when the motion is for irregularity, the notice or order shall specify the irregularity complained of." The special term granted the relief asked. From its order plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*J. A. Kellogg,* for appellant. *R. O. Bascom,* (*A. D. Wait,* of counsel,) for respondents.

LEARNED, P. J. The order appealed from was right.

1. The affidavit shows what was the irregularity complained of, viz., the entry of a judgment for costs not warranted by the report of the referee. The preliminary objection was properly overruled.

2. The report of the referee who tried the case found "that plaintiff have his costs of this action." As the action was one for foreclosure, this language simply meant that the plaintiff should recover costs in the manner

usual in such actions, that is, from the avails of the sale. If the referee had intended that the plaintiff should recover costs personally against any defendant, he would have so stated. As to the merits,—that is, whether the referee ought to have allowed costs against any defendant personally,—that question could only be examined on appeal from the judgment. As the report stood, the plaintiff was not regular in entering costs personally against any one. And the entry was properly corrected by the court.

3. The special term could properly direct the order of sale in this case if it chose so to do. The direction made was equitable and just. The mortgage was on a lot of land. Subject to the mortgage a right of way over a strip of 10 feet wide belongs to Mannis. The title to that 10 feet, subject to the mortgage and subject to the right of way, is in Kate N. Traver, coming to her through the foreclosure of a second mortgage dated in 1876. The title to the rest of the lot, subject to the mortgage, is in John Case, coming to him through the foreclosure of a still later mortgage dated in 1882, which, when foreclosed in 1885, did not cover the 10 feet. The owner of the right of way offered, in his moving affidavit, to bid enough on the sale to make the judgment and costs out of the land exclusive of the strip of 10 feet. The court ordered that the part of the land other than the strip of 10 feet be first sold. This is in accordance with the equitable rule. The right of way was conveyed by the owner of the land in 1883. The plaintiff, who appeals, is not injured by this direction to sell. It is not shown that the land sold thus in parcels will not bring as much as if sold as a whole. And the offer made by Mannis is a protection to the plaintiff. For, if on the sale Mannis should permit the piece first sold to bring less than the judgment and costs, the court could order a resale. But there is no real danger since Mannis is desirous to save his right of way. No one else appeals, but the plaintiff's counsel urges that John Case should have had notice of this motion. He was a defendant in the action, and did not appear. If he desired to protect his interests, he should have appeared and presented his claim. We have no reason to assume that he is not satisfied with the direction given by the court. Furthermore, as the owner of the mortgage, under the foreclosure of which John Case obtained title, released this 10 feet, it would be inequitable to permit John Case, the owner of the residue, to get indirectly the benefit of the value of that 10 feet, by compelling the sale of the whole property in one parcel. The order is affirmed, with $10 costs and printing disbursements. All concur.